**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ERNEST JORD GUARDADO, | )<br>) |
| Petitioner, | )  3:11-cv-00248-RCJ-VPC<br>) |
| vs. | )<br>)  <u>ORDER</u> |
| STATE OF NEVADA, *et* al., | )<br>) |
| Respondents. | ) |

This is an action on a petition for writ of habeas corpus pursuant to 29 U.S.C. § 2254. Petitioner has filed a motion for the Court to reconsider its order granting the respondents motion to dismiss entered on January 31, 2012, or in the alternative to stay the proceedings to allow him to exhaust ground three of the petition. ECF Nos. 34 and 35. He has also moved for appointment of counsel. ECF No. 39. Respondents have responded to the motions for reconsideration and for stay and petitioner has replied. The petitioner's motions shall be denied.

Petitioner contends that this Court committed clear error when it found that his third ground for relief should be dismissed for unexcused procedural default and for failure to properly exhaust the claim in state court. He argues that the Nevada Supreme Court's *Lozazda* appeal is contrary to the clearly established holding of *Roe v. Flores Ortega,* 528 U.S. 470 (2000).

A *Lozada* appeal is one where trial counsel is found to have been ineffective for failing to file a requested appeal and the appellant is permitted to bring all his claims in his post-conviction petition with the assistance of counsel. *Lozada v. State,* 110 Nev. 349, 359, 871 P.2d 944, 950 (1994).

1  In *Roe v. Flores Ortega,* the United States Supreme Court held that, where a defendant makes out a
2  successful claim that he received ineffective assistance of counsel which resulted the defendant losing
3  his appeal rights, he is entitled to have that appeal reinstated. *Id.,* 528 U.S. at 485. However, the United
4  States Supreme Court has not considered the specific remedy offered by *Lozada*, which holds that the
5  equivalent review afforded by a direct appeal with the assistance of counsel. Petitioner has not
6  demonstrated that this Court committed clear error when it determined that ground three of the petition
7  is an unexcused procedurally defaulted claim.

8  Neither is the Court willing to stay and abey the proceedings in order for petitioner to
9  return to state court in an attempt to exhaust the claim. *Rhines v. Weber,* 544 U.,S. 269 (2005), allows
10 a court to stay and abey a federal habeas action so that a petitioner can return to state court to exhaust
11 the claim if the petitioner shows good cause for his failure to exhaust and demonstrates that the claim
12 is without merit. The claim has already been presented to the Nevada Supreme Court and that court
13 refused to entertain it. It would be futile to permit petitioner a second go at presenting the claim.

14 Finally, there is no constitutional right to appointed counsel for a federal habeas corpus
15 proceeding, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th
16 Cir. 1993), and no counsel will be appointed in this case at this late juncture. Petitioner, while being
17 ultimately unsuccessful in his endeavors to this point, has shown himself to be more than adequately
18 equipt to proceed.

19 **IT IS THEREFORE ORDERED** that the pending motions (ECF Nos. 33, 34 and 39)
20 are **DENIED.**

21 Dated this 7th day of June, 2012.

_____
UNITED STATES CHIEF DISTRICT JUDGE