1

2

3

4

5

**UNITED STATES DISTRICT COURT**

6

**DISTRICT OF NEVADA**

7

8   ERNEST JORD GUARDADO,                   )
                                            )
9            Petitioner,                    )        3:11-cv-00248-RCJ-VPC
                                            )
10  vs.                                     )
                                            )        <u>ORDER</u>
11  STATE OF NEVADA, *et* al.,              )
                                            )
12           Respondents.                   )
    _____/

13

14          This is an action on a petition for writ of habeas corpus pursuant to 29 U.S.C. § 2254.

15  Respondents have filed their answer to the sole remaining ground of the petition (ECF No. 40) and

16  petitioner has filed his reply (ECF No. 41).

17  **I.       Procedural History**

18           A.       <u>State Court Proceedings</u>

19          Petitioner was convicted on a single count of robbery in January of 2004. Resp. Ex. 46.[1]

20  He was sentenced to a term of 72 to 180 months in prison. *Id.*  The court rejected the prosecutions

21  request that petitioner be adjudicated a habitual criminal.  Resp. Ex. 47, p. 20.  No direct appeal was

22  filed.  Petition, ECF No. 8, p. 1.  Petitioner filed a state post-conviction petition on July 8, 2004.  Resp.

23  Ex. 50.  Among the claims raised in the petition was that counsel was ineffective for failing to file a

24  notice of appeal.  *Id.,* p. 8

25

26          [1] Exhibits referenced in this order submitted by respondents are identified as "Resp. Ex." and are
    found in the Court's record at docket entries 16-20.  Exhibits submitted by petitioner are identified as
    "Petr. Ex." and are found in the record at dockets 26 and 28.

1    Upon review of the petition, the state court conducted an evidentiary hearing on the

2  ineffective assistance of counsel claims and determined trial counsel had been ineffective.  The court

3  gave petitioner the opportunity to raise his direct appeal claims in the post-conviction proceedings with

4  the assistance of counsel.  Resp. Ex. 63.  Petitioner raised a total of fourteen claims for relief before the

5  state district court.  *See id.* and Resp. Ex. 50.

6    An evidentiary hearing was conducted on the supplemental petition wherein Mr. Edwards

7  and the respondents questioned petitioner about the supplemental grounds he presented.  Resp. Ex. 73.

8  The court denied the grounds in the supplemental petition on June 14, 2007, but did not address the

9  claims still pending in the original petition.  Resp. Ex. 74.  After requesting that the court enter the

10  required Findings of Fact and Conclusions of Law, petitioner filed a pro per notice of appeal on July 10,

11  2007.  Resp. Exs. 77 and 78.  After a seven month delay, the Nevada Supreme Court dismissed the

12  appeal, finding it lacked jurisdiction because the trial court had not entered a final order as to all claims.

13  Resp. Ex. 100.[2]

14    Meanwhile, petitioner filed a petition for writ of mandamus with the Nevada Supreme

15  Court seeking release because of his denied appeal. Resp. Ex. 86.  He moved for appointment of counsel

16  for his appeal, which motion was denied by the district court.  Resp. Exs. 84 and 87.  He sought

17  dismissal of Mr. Edwards. Resp. Ex. 94.  He requested a ruling on the various pending motions and

18  claims still waiting in the state district court. Resp. Ex. 96. He filed a motion for judgment on the

19  pleadings in the district court (Resp. Ex. 102), and a petition for a writ of mandamus in the Nevada

20  Supreme Court, seeking an order directing the state district court to determine his remaining claims

21  (Resp. Exs. 105).  The Nevada Supreme Court granted the mandamus petition and ordered the district

22  court to review and decide the remaining grounds as quickly as it could.  Resp. Ex.  106.

23  

24    [2] It is of note that the Nevada Supreme Court recognized Mr. Edwards as counsel of record and
   ordered him to show cause why the appeal should not be dismissed for lack of jurisdiction.  Resp. Ex.
25  98.  While petitioner himself tried to respond to the order, the response was not accepted for filing,
   apparently because petitioner was represented by counsel. Resp. Ex. 99.
26  

-2-

1    On May 9, 2009, the state district court reviewed the claims in the original petition and

2    directed an evidentiary hearing be conducted as to several of the claims.  Resp. Ex. 107.[3]

3    The remaining claims were denied by a written order entered November 17, 2009.  Resp.

4    Ex. 115.  Petitioner appealed in *pro se*, however, once again the Nevada Supreme Court required Mr.

5    Edwards to represent petitioner and file a fast-track appeal statement.  Resp. Ex. 117 and 120.

6    After several delays, admonishments and threatened sanctions by the Nevada Supreme

7    Court, on April 26, 2010, counsel filed the Fast-track Statement raising a single ground for relief. *See*

8    *generally,* Resp. Exs. 125-131, 133.  The Nevada Supreme Court denied relief on that ground on

9    September 29, 2010.  Resp. Ex. 136.  The remittitur issued on October 27, 2010.  Resp. Ex. 137.

10   Neither of these documents was served on petitioner directly.  *Id.*  On March 31, 2011, petitioner filed

11   a motion to supplement the petition indicating that, despite his specific request, counsel had failed to

12   present all of his post-conviction claims on appeal.  Petr. Ex. 15.  In response, petitioner received a letter

13   from the Chief Deputy Clerk of the Nevada Supreme Court which advised him that his motion was being

14   returned unfiled because the decision in the case had been filed the past September.  Petr. Ex. 16.  A

15   copy of the decision and the docket sheet were included.  *Id.*

16   At that juncture, petitioner sought to have the remittitur recalled by motion submitted

17   April 14, 2011.  Petr. Ex. 17.  The motion was denied.  Resp. Ex. 140.

18   B.    Federal Proceedings

19   In 2007, while the state proceedings were pending, petitioner approached the federal

20   court, filing a petition for writ of habeas corpus in case number 3:07-cv-00399-RCJ-RAM.  Resp. Ex.

21   141.  The petition was dismissed without prejudice on respondents' motion because the state court

22   proceedings had not yet concluded and the claims were unexhausted.  Resp. Ex. 142.

23   On April 5, 2011, petitioner commenced this action by filing the instant petition.  ECF

24

25   [3] The record before this Court does not contain the transcript of the October 22, 2009, hearing,
     although respondents have appended the transcript to their answer.

26

No. 1.  A week later he filed a motion to stay the proceedings until the Nevada Supreme Court ruled on

him motion to recall the remittitur.  ECF No. 3.  That motion was withdrawn less than a month later,

when the state court denied the motion.  ECF No. 6.

    The petition raises eleven grounds for relief as follows:[4]

 I.  The jury was given a video tape that the court had ordered redacted due to comments and statements made by petitioner during police interrogation in violation of the Fifth, Sixth, and Fourteenth Amendments.

 II.  Ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments where counsel failed to seek a mistrial after being informed that the jury had received the unredacted video tape of the petitioner's police interrogation.

 III.  Ineffective assistance of counsel in violation of the Fifth, Sixth and Fourteenth Amendments where counsel failed to file a direct appeal after being informed by petitioner of his wish to appeal.

 IV.  Petitioner was convicted on the charge of robbery on insufficient evidence in violation of the Fifth, Sixth and Fourteenth Amendments.

 V.  Petitioner's arrest and subsequent interrogation violated the Fifth, Sixth and Fourteenth Amendment.

 VI.  Police improperly continued questioning petitioner after he indicated his desire to stop talking in violation of the Fifth, Sixth and Fourteenth Amendments.

 VII.  The prosecutor gave a prejudicial video tape to the court clerk for presentation to the jury in violation of petitioner's Fifth, Sixth and Fourteenth Amendment rights.

 VIII.  Counsel was ineffective for failing at trial to call a witness who had stated that petitioner was not the person in the photograph shown to her and other dealers, as he had been gambling at her table for some time.

 IX.  Counsel was ineffective where he failed to object to witness testimony that petitioner had been seen placing an object in his pocket, when no such testimony had previously been given.

 X.  The trial court erred in denying petitioner's motion to suppress the state's expert witness who was to testify about matters not covered in the expert's written report in violation of the Fifth, Sixth and Fourteenth Amendments.

 XI.  The trial court erred in denying petitioner's motion to suppress the casino video tapes where the tapes were unclear and did not view the entrance to the restroom where the crime occurred in violation of the Fifth, Sixth and Fourteenth Amendments.

---

[4] The claims are restated here in a summary fashion not exactly as stated in the petition.

-4-

Petition (ECF No. 8).

The Court, on respondents' motion to dismiss, found ten of the eleven grounds procedurally defaulted and dismissed all but ground eight with prejudice (ECF No. 32). Respondents' answer to the remaining ground and petitioner's reply are before the Court.

## II.    Discussion

      A.    <u>Legal Standard for Review of Claims</u>

28 U.S.C. § 2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides the legal standards for this Court's consideration of the petition in this case:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
>     (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>     (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). These standards of review "reflect the ... general requirement that federal courts not disturb state court determinations unless the state court has failed to follow the law as explicated by the Supreme Court." *Davis v. Kramer*, 167 F.3d 494, 500 (9th Cir. 1999). Therefore, this Court's ability to grant a writ is limited to cases where "there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter,* 562 U.S. ___, ___, 131 S.Ct. 770, 786 (2011).

A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different

1  from [the Supreme Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63 (2003) (*quoting Williams v.*

2  *Taylor*, 529 U.S. 362, 405-06 (2000), and *citing Bell v. Cone*, 535 U.S. 685, 694 (2002).

3          A state court decision is an unreasonable application of clearly established Supreme Court

4  precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing

5  legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts

6  of the prisoner's case." *Andrade*, 538 U.S. at 74 (*quoting Williams*, 529 U.S. at 413). The

7  "unreasonable application" clause requires the state court decision to be more than incorrect or

8  erroneous; the state court's application of clearly established law must be objectively unreasonable. *Id*.

9  (*quoting Williams*, 529 U.S. at 409).

10          In determining whether a state court decision is contrary to federal law, this Court looks

11  to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991);

12  *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

13  Furthermore, "a determination of a factual issue made by a State court shall be presumed to be correct,"

14  and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and

15  convincing evidence." 28 U.S.C. § 2254(e)(1).

16          B.   <u>Ineffective Assistance of Counsel</u>

17          Petitioner contends that he was denied the effective assistance of counsel at trial when

18  counsel failed to call a witness identified and requested by petitioner to testify in his defense. The

19  witness, a dealer at the casino where the armed robbery occurred, would purportedly have testified that

20  the individual in the photograph shown to her and other dealers at the casino was not a photograph of

21  petitioner. This testimony would have contradicted the state's witness who was also a dealer and who

22  identified petitioner in the photo. Petitioner further alleges that he had personally contacted the witness

23  prior to retaining counsel and she had agreed to testify if called. Petitioner contends that the witness's

24  testimony would have been favorable to his defense and because counsel did not call the witness,

25  petitioner was prejudiced at trial.

26

1          To establish ineffective assistance of counsel "a defendant must show both deficient

2   performance by counsel and prejudice." *Premo v. Moore*  131 S.Ct. 733, 739 (U.S., 2011) quoting

3   *Knowles v. Mirzayance*, 556 U.S. 111, 122, 129 S.Ct. 1411, 1419 (2009).  "To establish deficient

4   performance, a person challenging a conviction must show that 'counsel's representation fell below an

5   objective standard of reasonableness." *Strickland v. Washington*, 466 U.S.668, 688, 104 S.Ct. 2052

6   (1984). A court considering a claim of ineffective assistance must apply a "strong presumption" that

7   counsel's representation was within the "wide range" of reasonable professional assistance.  *Id.*, at 689.

8   The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning

9   as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*, at 687.  "With respect to

10  prejudice, a challenger must demonstrate 'a reasonable probability that, but for counsel's unprofessional

11  errors, the result of the proceeding would have been different.' *Id.* The question is whether an attorney's

12  representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated

13  from best practices or most common custom. *Id*. at 690.

14         This claim was considered by the state court during the last leg of the post-conviction

15  review.  The Nevada Supreme Court, in considering the claim, denied relief because "Guardado has

16  failed to demonstrate the district court erred because he has failed to provide the trial transcripts for this

17  court's review."  Resp. Ex. 136, p. 2.   Respondents argue that, because the Nevada Supreme Court

18  denied the claim on its merits, but failed to provide its own reasoned decision, it is necessary to refer to

19  the trial court's order as the last reasoned decision.[5]

20  _____

21         [5] Respondents assert that the transcript of the evidentiary hearing conducted on October 22, 2009,
    was not part of the record on appeal of the denial of post-conviction relief and acknowledge that under
22  the holding of *Cullen v. Pinholster,* 131 S. Ct. 1388, 1398 (2011), evidence not presented to the state
    highest court on review would not be appropriately reviewed and considered by this Court in a federal
23  habeas proceeding.  They contend, however, that because the "last reasoned decision" on the claim in
    question here was made by the state district court, and that court was present at the hearing from which
24  the transcript was derived, consideration of the testimony would be appropriate.

25         Respondents attempt to support the argument by inserting parenthetically into the Nevada
    Supreme Court's order the date of that hearing - October 2009. *See* Answer, p. 7, line 24.  This Court
26

-7-

1    In deciding this claim on post-conviction review, the trial court recapped the evidence

2  presented at the evidentiary hearing, noting that in contrast to petitioner's contention that counsel was

3  ineffective because he did not call a witness who would have testified that petitioner was not the person

4  identified in still photos as being the robber, there were other witnesses, including another dealer, who

5  testified the person in the photograph was petitioner. Resp. Ex. 115, p. 2.  Additionally, the court noted

6  the videotapes showed the petitioner at the Peppermill Casino at the relevant times and "circumstances"

7  that petitioner admitted to being there, and that detailed gaming records kept by the casino showed

8  petitioner had been playing at the same table at the same as the victim, and also showed that petitioner

9  left the table shortly after the victim did.  *Id.* The court concluded that the evidence corroborated

10  petitioner's presence at the table, despite the uncalled witness's statement.  *Id.*  The court ruled, "In view

11  of the overwhelming evidence, the Court finds that any error, if one occurred, was harmless beyond any

12  reasonable doubt."  *Id.*

13    In order to overcome this finding, and its affirmance by the Nevada Supreme Court,

14  petitioner must demonstrate that the decision was contrary to, or an unreasonable application of, clearly

15  established federal law as established by the United States Supreme Court or that the court's factual

16  determinations were unreasonable in light of the evidence presented at the state court proceedings.  28

17  U.S.C. §2254(d).  A preliminary question is: What was presented in those proceedings?

18

19  concludes that respondents' suggestion of this date reference is inaccurate, where the claim attacked
   counsel's performance at trial, where the trial court denied the claim on the basis that the "overwhelming
20  evidence" rendered any error [at trial] "harmless beyond a reasonable doubt" and where the Nevada
   Supreme Court was unable to review the totality of the evidence to confirm for itself the weight of the
21  evidence presented because of the absence of the "trial transcripts."  Resp. Ex. 136, p. 2. However, that
   does not end this discussion.

22

23    Petitioner also cites to the transcript in his reply, insisting the transcript was part of the record
   before the Nevada Supreme Court, citing to both the Fast Track Statement (Resp. Ex. 133) and a
24  Certificate of Service (Resp. Ex. 131).  A review of the Fast Track Statement prepared and filed on
   behalf of petitioner reveals possible reference to the hearing transcript.  *See e.g.,* Fast Track Statement
25  (Resp. Ex. 133), pp. 3, 6. However, the certificate of service indicates service of the transcript from the
   court reporter to the parties.  That does not, however, guarantee that the transcript was, in fact, included
   in the record.

26

1      It has not been definitively established for this Court whether or not the evidentiary

2  hearing transcript was presented to the Nevada Supreme Court on appeal from post-conviction. The

3  Nevada Supreme Court's reference to an absence of the "trial transcripts" does not answer the question.

4  Moreover, respondents' interposed reference to the October 2009 hearing date into the Nevada Supreme

5  Court's order seems contrived to facilitate its own argument and does not answer the question of whether

6  the evidentiary hearing transcripts were part of the record. However,  in light of the references in the Fast

7  Track Statement to an appendix of exhibits which appears to include the hearing transcript, the Court

8  can infer that it was, in fact, part of the record.  In addition, it is clear from the trial court's order denying

9  relief, that it was the evidence presented at the evidentiary hearing that was relied upon and that provided

10  the majority of the referenced "overwhelming evidence."  *See* Resp. Ex. 115, Order.  Therefore, the

11  Court finds that *Cullen* does not apply to foreclose review of the evidentiary hearing transcript, and its

12  contents will be examined to determine if the trial court's findings were supported by the record.

13      At the evidentiary hearing, petitioner was called by his own attorney and two other

14  witnesses were called to testify by the State. The two State witnesses included Detective David Keller,

15  one of the policemen investigating the robbery at the Peppermill, and  trial counsel, Arnold Brock, Jr.

16  Attachment 1 to Answer (ECF No. 40).[6]

17      In an effort to determine the merits of this claim for relief, petitioner was asked if he had

18  been interviewed by the police and whether during that interview he had admitted he was at the

19  Peppermill. *Id.,* p. 20. Petitioner acknowledged these facts. *Id.*  He contended, however, that the person

20  in the photographs shown to witnesses was not him.[7]  When asked, petitioner stated he could not recall

21  the name of the witness or the phone number he called, but he averred the information came from a

22  _____

23      [6] Any page numbers referenced to the evidentiary hearing transcript are the page numbers on the
transcript itself, not the CM-ECF page numbers.

24

25      [7] In fact, petitioner stated he had not seen the still photos shown to witnesses, but only the video
from the casino.  He testified the man in the photo could not have been him because he was in a "knee
immobilizer" and the way the person was walking and moving could not have been him. *Id.*

26

-9-

witness statement in his file and that he had talked to his attorney about the witness. *Id.* at 27. Petitioner testified that he had asked the dealer to testify in order to contradict the testimony of the other dealer who had identified petitioner. *Id.* at 21. On cross examination, petitioner admitted to having a "player's card" and that he had been at a couple of the black jack tables, "back and forth" on the night of the robbery, but denied having seen the victim at any time prior to petitioner's preliminary hearing. *Id.* at 23-24. He testified that he had been at the missing witness's black jack table and had stayed there for quite a while "because with her, [he] was doing good...." *Id.* at 39.

Detective Keller testified next, he acknowledged that at least one of the dealers had said that the photograph was not petitioner. *Id.* at 51. However, the detective insisted that police "determined on our own" that it was petitioner in the photo, that petitioner "verified that he was there" and that the casino video tape further confirmed petitioner's presence. *Id.* pp. 51-52. Detective Keller went on to inform the court of the methods and details that casinos use to track the gaming habits of customers, particularly through their player card and through video tape. *Id.* at 53. Finally, the detective noted that prior to the robbery, petitioner had been making $5 bets on average and losing, but after the robbery, when petitioner moved to the Atlantis casino, he was betting $20 a hand. *Id.* at 54.

Counsel's recollection of the trial was poor. *See generally, id.* However, counsel did recall "an issue regarding a dealer down there at the casino." *Id.* at 59. Counsel testified that he thought he had actually talked with the dealer in question before trial, and estimated that he had not called her to testify because, "she didn't add anything for his defense," and he "didn't know if it would do Ernie any good whatsoever if we put her on the stand, so I did not call her." He concluded that the only reason he could "think of" for not calling her was that it "wasn't going to support him." *Id.*

This witnesses' testimony, as described above, demonstrates that the trial court's factual determinations were objectively reasonable in the circumstances. Counsel's decision not to call the witness appears to have been made after contacting the witness and determining her testimony would not have helped the defense. Such strategic decisions must be credited to counsel. *Stickland,* 466 U.S.

-10-

at 689 (citation omitted). Thus, petitioner has not demonstrated that his counsel performance was ineffective. Neither has he shown that he was prejudiced by counsel's performance, where counsel concluded that the witness would not add anything to his defense and the court properly concluded that there was overwhelming evidence to contradict the expected testimony of that single witness.

This claim for relief will be denied.

**III.    Conclusion**

Petitioner has not met his burden to show that the state courts' decision on this claim was objectively unreasonable, either in its application of law or in its factual determinations. The petition will be denied.

Should petitioner wish to appeal this decision, he must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a

-11-

1  certificate of appealability.

2          **IT IS THEREFORE ORDERED** that the petition is **DENIED.**

3          **IT IS FURTHER ORDERED** that no certificate of appealability is warranted and none

4  shall issue.

5          The Clerk shall enter judgment accordingly.

6          DATED this 6th day of September, 2012.

7

8          _____
           UNITED STATES CHIEF DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                              -12-